**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RICHARD WALLACE SKEEN,** | ) | |
| **#1049593,** | ) | |
|        **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-0200-L** |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
|        **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District

Court in implementation thereof, this cause has been referred to the United States

Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate

Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for writ of habeas corpus filed by a state inmate

pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is presently incarcerated at the Boyd Unit of the Texas

Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in

Teague, Texas.  Respondent is the Director of TDCJ-CID.  The court issued process in

this case.

Statement of Case: Following his plea of not guilty to murder, a jury found

Petitioner guilty of the lesser included offense of manslaughter in the 385th Judicial

District Court of Hunt County, Texas, in cause number 19,189. Punishment was assessed

at twenty years imprisonment and a fine of $5,000. On November 20, 2002, the Sixth

Court of Appeals affirmed Petitioner's conviction and sentence. Skeen v. State, 96

S.W.3d 567 (Tex. App. - Texarkana 2002, pet ref.). The Texas Court of Criminal

Appeals (TCCA) refused a petition for discretionary review on May 14, 2003.

Thereafter, Petitioner sought assistance from TCCA in obtaining his trial records,

transcripts, witness statements, and appointment of counsel. He submitted a letter dated

September 22, 2003 (which TCCA received on October 2, 2003), see Ex parte Skeen,

Nos. 57,260-01, and a petition for writ of mandamus executed on October 31, 2003

(which TCCA received on November 10, 2003), Ex parte Skeen, Nos. 57,260-02. On

January 14, 2004, after construing the above pleadings as requests for leave to file a

petition for writ of mandamus, TCCA denied the same. Id., 57,260-01 and -02, at cover.

On February 2, 2004, the Hunt County District Clerk filed pleadings submitted by

Skeen purporting to be a collateral attack on his manslaughter conviction. The Clerk

forwarded these pleadings to the TCCA on February 22, 2004. (See Hunt County Clerk's

records submitted with Respondent's advisory to the court filed on October 26, 2005).[1]

Shortly thereafter Petitioner filed a § 2254 habeas corpus petition in this court (his first

---

[1]     Petitioner filed the application on the standard art. 11.07 form along with a
72-page memorandum in support. (See Attachment I for a copy of the affidavit from the
Hunt County District Clerk's Office, and for a copy of the first page of the art. 11.07
application).

federal habeas petition).  See Skeen v. Dretke, 3:04-cv-306-G (N.D. Tex., Dallas Div. filed on February 12, 2004).[2]

By "white card" dated February 24, 2004, TCCA advised Petitioner that his art. 11.07 application in No. 02798 had "been received and presented to the Court."  (See Original "White Card" for Writ No. WR-57,260-03 attached as exh. B to Pet's Mot. to Dism., filed on March 16, 2004, in 3:04cv306-G).  Contemporaneously with the receipt of the above "white card," Petitioner received a notice of deficiency and order filed on February 20, 2004, in No. 3:04cv306-G, notifying him that the petition was not on the "appropriate form" and granting him twenty days to cure the deficiency.  Skeen states that § 1983 complaint forms accompanied the copy of the deficiency order rather than § 2254 forms.  Id. at 2.  "[S]omewhat confused as to what steps to take" in his first federal habeas action, and in light of the pendency of his first art. 11.07 application, Petitioner attempted to dismiss his first federal petition without prejudice as "premature" in order to exhaust his state court remedies.  (See id. at 2-3).  However, he mailed the motion to

_____

[2]       Pursuant to Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing. Here Petitioner did not date his petition, which was not submitted on the court approved form. However, he obtained a certificate of inmate trust account on February 5, 2004, which he mailed to this court along with his petition and request for leave to proceed in forma pauperis. (See Motion for Leave to Proceed In Forma Pauperis).  Therefore, for purposes of this recommendation, the petition is deemed filed on February 5, 2004, the earliest possible date on which Petitioner could have placed it along with his certificate of trust account in the prison mail.

dismiss to the TCCA instead of this court. See Ex parte Skeen, Writ No. 57,260-03, for a copy of Petitioner's motion to dismiss first federal petition.[3]

Upon realizing his error, Petitioner resubmitted his motion to dismiss and this court granted the same. (See April 6, 2004 order adopting findings, conclusions and recommendation of magistrate judge, and Judgment filed in 3:04-cv-306-G, dismissing first federal petition without prejudice on Petitioner's own motion). Thereafter, on June 9, 2004, the TCCA dismissed Petitioner's art. 11.07 application as "[n]oncompliant with Tex. R. App. P. 73.1." See Ex parte Skeen, No. 57,260-03 at cover. By letter dated June 9, 2004, the TCCA Clerk notified the Hunt County District Clerk that it was "returning these applications because they do not comply with Rule 73.2 of the Texas Rules of Appellate Procedure. Specifically . . . [t]he grounds must be set out on the form rather than by reference. The rendition of the facts must begin on the form with additional pages attached as needed." See Ex parte Skeen, No. 57,260-03 for copy of June 9, 2004 letter. The TCCA letter directed the Hunt County District Clerk to "send a copy of this letter along with the applications to the inmate." Id.

Skeen filed the present § 2254 petition (his second federal habeas petition) on January 26, 2005, alleging the trial court failed to give a limiting jury instruction, admitted certain evidence over Petitioner's objection, failed to instruct the jury regarding self defense, and admitted hearsay evidence. The petition further alleges the evidence was insufficient to sustain the conviction, trial counsel rendered ineffective assistance,

---

[3]     The TCCA record in No. 57,260-03 consists only of the motion to dismiss the first federal petition. A copy of Petitioner's state habeas application is attached to the affidavit of Shirley Summers which Respondent submitted with his advisory to the court filed on October 26, 2005.

and his due process rights were violated when the state gave notice of its intent to use a false prior conviction.[4]

In response to this court's order to show cause, Respondent filed an answer on May 2, 2005, along with the state court record, alleging the petition was time-barred by the one-year statute of limitations and reserving the defense that Petitioner's claims were unexhausted. Petitioner filed his traverse on July 15, 2005, and his answers to the magistrate judge's questionnaire on September 19, 2005. On October 26, 2005, in compliance with this court's order filed on September 27, 2005, Respondent filed an advisory to the court supplementing the state court record with mail logs from TDCJ, and records from the Hunt County District Clerk's Office and TCCA.

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the

---

[4] Pursuant to Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing. Here Petitioner did not sign his federal petition, which is dated January 17, 2005. (See Pet. at 9). He did sign and date the memorandum in support, attached to the federal petition, on January 21, 2005. On January 24, 2005, he signed his motion for leave to proceed *in forma pauperis* and obtained a certificate of inmate trust account. For purposes of this recommendation, the petition is deemed filed on January 24, 2005, the earliest possible date on which Petitioner could have placed it along with his certificate of trust account in the prison mail.
Even if the court deems the petition filed as of January 17, 2005, as Respondent suggests, it would still be untimely as set out more fully below.

United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(A)-(D).

Although Petitioner has not alleged any state-created impediment under subparagraph (B) that prevented him from filing his federal petition, he contends that he was misled by the "white card" dated January 14, 2004, from the Clerk of the TCCA (see Exh. A to Petitioner's Traverse) indicating that his "application was denied without written order," from which he allegedly concluded that his initial submissions, i.e. Nos. 57,260-01 and 57,260-02 had been treated as art. 11.07 applications by the TCCA. While the "white card" notice did not accurately reflect the dispositions of his petitions for writ of mandamus, this error does not constitute a state-created impediment within the purview of subparagraph (B).  Moreover, the pleadings at issue in Nos. 57,206-01 and 57,260-02 clearly seek an order compelling production of state records so that he could file an art. 11.07 application and did not purport to collaterally attack his underlying conviction.

Nor does Petitioner base his petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), it is clear that the alleged acts and omissions occurred in the course of Skeen's criminal trial and, therefore, were known prior to the date Petitioner's state judgment of conviction became final.

6

The AEDPA provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's first two requests for mandamus relief, which TCCA construed as motions for leave to file a petition for writ of mandamus, see Ex parte Skeen, Nos. 57,260-01 and -02, did not serve to toll the statute of limitations. Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir.2002) (state court mandamus application requesting that trial court be directed to rule on state habeas application was not an application for collateral review with respect to prisoner's conviction, and thus did not toll one-year limitation period), cert. denied, 537 U.S. 1236 (2003).

Petitioner contends that his requests for mandamus relief were in fact state habeas applications, which would justify statutory tolling under § 2244(d)(2). (See Pet's Traverse at 2-3). The fact that the "white card" notice erroneously indicated a merits determination of art. 11.07 proceedings is insufficient to convert his mandamus petitions into "properly filed" art. 11.07 applications.

With respect to the state habeas application, which was dismissed for failure to comply with the state's appellate rules, see Ex parte Skeen, No. 57,260-03, Respondent maintains that it was not properly filed and, as a result, that it did not statutorily toll the one-year limitation period. (Respondent's Answer at 6-7). An application is properly filed under § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 363, 148 L. Ed. 2d 213 (2000); see also Villegas v. Johnson, 184 F.3d 467, 470 (5th

7

Cir. 1999) (holding properly filed application is "one that conforms with a state's applicable procedural filing requirements"). Rule 73.1, of the Texas Rules of Appellate Procedure, prescribes the form and its required contents to file for relief under article 11.07 of the Texas Code of Criminal Procedure. See Tex. R. App. Proc. 73.1. Rule 73.2 provides that the clerk of the convicting court will not file an application that is not submitted on the requisite form and will return the same to the person who filed it. See Tex. R. App. Proc. 73.2. It further provides that the Clerk of the Court of Criminal Appeals may return a non-complying application with direction to the clerk of the convicting court to return it to the applicant. Id.

It is self-evident that Skeen's pleadings filed with the Hunt County District Clerk on February 2, 2004, did not comply with the State of Texas' procedural requirements for an art. 11.07 application. See No. 57,260-03, at cover and attached letter dated June 9, 2004; see also note 3, *supra*. Therefore, this pleading did not toll the one-year limitation period.[5]

Nor is Petitioner entitled to statutory tolling during the pendency of his first federal habeas petition. See Duncan v. Walker, 533 U.S. 167, 181-182 (2001) (an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2)).

---

[5]     In November and December 2004, Petitioner allegedly mailed to the United States Court of Appeals for the Fifth Circuit a "Petition for Writ of Certiorari to the Fifth Circuit Court of Appeals," and an application for writ of habeas corpus to the Court of Appeals for the Fifth District of Texas at Dallas. (See Correspondence from Petitioner filed on March 4, 2005 in 3:05cv200-L, submitted in response to this court's letter dated February 16, 2005). Since both filings were returned to Petitioner because they were submitted to the wrong court, they do not provide a basis for statutory tolling. (Id.).

Having concluded that §§ 2244(d)(1)(B)-(D) are inapplicable and that Petitioner is not entitled to statutory tolling under § 2244(d)(2), the court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking direct review. See § 2244(d)(1)(A).

Petitioner's conviction became final on August 12, 2003, ninety days after the Court of Criminal Appeals refused the petition for discretionary review on May 24, 2003. See Sup. Ct. R. 13.1, 13.3 (2000); Clay v. United States, 537 U.S. 522, 528 n. 3, 123 S. Ct. 1072, 1077 n. 3, 155 L. Ed. 2d 88 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000); 28 U.S.C. § 2244(d)(1)(A). The one-year period began to run on August 13, 2003, the day after his conviction became final, see Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir.1998), and expired one year later on August 12, 2004. Petitioner did not file his second federal petition until January 24, 2005, over five months after the limitation period had elapsed. Therefore, this federal petition is clearly time barred absent equitable tolling.

In addition to his baseless assertion that his February 2, 2004 pleading constituted a properly filed art. 11.07 application, Skeen claims that he first learned of the TCCA's disposition of No. 57,260-03 on December 16, 2004, approximately four months after the one-year limitation period expired. (Pet's Traverse at 10, and his answer to Question 6 of the Magistrate Judge's questionnaire).

Because the failure of a state court to notify a habeas petitioner of the disposition of state collateral proceedings may constitute a basis for application of equitable tolling under § 2244(d)(1), see Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), and

9

United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir. 2000), and the record of prior state proceedings did not show any notice to Skeen prior to December 16, 2004, the court ordered Respondent to supplement the record with additional information. See Order filed on Sept. 27, 2005.

The supplement to the record submitted with Respondent's advisory to the court, consisting of the affidavits of Shirley Summers  and Julie L. Thaler and the attachments thereto, establish that the original of Skeen's February 2, 2004 pleading together with a copy of the TCCA's letter dated June 9, 2004, were mailed to Skeen by the Hunt County District Clerk's office on June 16, 2004, and delivered to him on June 21, 2004, at the Boyd Unit of TDCJ.  (See Attachment I and II).  Under the circumstances presented, Petitioner has failed to make a credible showing that he was unaware of the TCCA's disposition of his February 2, 2004 filing until December 16, 2004.  Further since he was aware that his state court pleadings were non-conforming at least 52 days prior to the expiration of the one-year limitation period, he has failed to demonstrate that he pursued collateral relief with diligence and alacrity. See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

Because Skeen has failed to carry his burden of demonstrating rare or exceptional circumstances justifying equitable tolling, the District Court should in the exercise of discretion refuse to apply the equitable tolling doctrine.

In his traverse, Petitioner also contends that he is actually innocent of the charge for which he is presently incarcerated. (Pet's Traverse at 6-7).  While the one-year limitation period might raise serious constitutional questions where it forecloses the opportunity for habeas relief for one who is actually innocent of the crime for which he

10

was convicted, Petitioner has not shown that he has reliable new evidence that establishes his actual innocence.  See Schlup v. Delo, 513 U.S. 298, 329, 115 S. Ct. 851, 868, 130 L. Ed. 2d 808 (1995).  He merely states the following evidence was not presented at his trial:  (1) "critical physical evidence" of a conviction prior to July 2, 1999; (2) the victim was struck in the head seven times with a closed fist; (3) the victim had a telephone with a dial tone at his residence; (4) the victim had a lawyer; and (5) the victim had a will.

Insofar as Petitioner requests the court to toll the limitation period on equitable grounds because of his alleged actual innocence, his claim is likewise meritless.  A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent."  Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002); United States v. Riggs, 314 F.3d 796, 800 n. 9 (5th Cir. 2002).

11

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the

habeas corpus petition as barred by the one-year statute of limitations. See 28 U.S.C. §

2244(d).

A copy of this recommendation will be transmitted to Petitioner and counsel for

Respondent.

Signed this 7th day of December, 2005.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**

13

**ATTACHMENT II**

# HUNT COUNTY DISTRICT CLERK'S OFFICE RECORDS

ATTACHMENT I

State of Texas          §

County of Hunt          §

## Affidavit

**Before me**, the undersigned notary public in and for the State of Texas, on this day personally appeared Shirley Summers, who, after being duly sworn, deposes as follows:

"My name is Shirley Summers. I am eighteen years old or older, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated, which are all true and correct.

"I am the chief deputy clerk for the Hunt County District Clerk's Office.

"I have researched the art. 11.07 application for writ of habeas corpus filed by Richard Wallace Skeen on or about February 2, 2004 in the Hunt County District Clerk's Office. Attached is a true and correct copy of Mr. Skeen's application. The records of the Hunt County District Clerk's Office show that on June 16, 2004, Mr. Skeen's application was returned to him, along with a copy of a letter from the Texas Court of Criminal Appeals dated June 9, 2004 indicating that the application did not comply with Rule 73.2 of the Texas Rules of Appellate Procedure. These materials were mailed to Mr. Skeen at the following address: TDCJ-ID Boyd Unit (BY/51)  ID #1049593 Rt 2, Box 500 ~~Teague, TX  75860~~ "

Further affiant sayeth not.

_Shirley Summers_
Shirley Summers
Chief Deputy Clerk,
Hunt County District Clerk's Office

SWORN TO AND SUBSCRIBED before me on the _5th_ day of _October_, 2005.

_Judith A. Laman_
Notary Public, State of Texas

JUDITH A. LAMAN
Notary Public, State of Texas
My Commission Expires
January 09, 2009

Cause No. _Writ02798_
(The Clerk of the convicting court will fill this line.)

FILED
AT _____ M

FEB - 2 2004

COURT OF CRIMINAL APPEALS OF TEXAS

_Haws Garham_
CLERK, DISTRICT COURT, HUNT CO. TX

APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

_Richard Wallace Skeen_                                    _10/13/1952/_
NAME OF APPLICANT  (Please print full name)                DATE OF BIRTH

_Boyd Unit (BY/5)_                     _1049593_
PLACE OF CONFINEMENT                   TDCJ-ID NUMBER

(1)   What court entered the judgment of conviction you want relief from?
      (Give the number and county of the court.)

      _354th Judicial District Court, Hunt County, Texas_

      _2500 Lee Street, Greenville, Texas_

(2)   What was the cause number in the trial court? _19,819_

(3)   What was the trial judge's name? _Richard J. Beacon, Jr._

(4)   What was the date of judgment? _May 3, 2001_

(5)   What was the length of sentence? _20 years Confinement in TDCJ-ID_

(6)   Who assessed punishment?   (Check one)      (a) Judge (   ); (b) Jury (✓)

(7)   What offense or offenses were you were convicted of (all counts)?

      _Manslaughter_



Misc. Docket No. 00-100          Page 2 of 10

**ATTACHMENT II**

3 05-cv-200-L

# BOYD UNIT MAIL LOGS

A TTACHMENT II

## BUSINESS RECORDS AFFIDAVIT

STATE OF TEXAS                    )
                                  )
COUNTY OF __FREESTONE__           )


     BEFORE   ME,   the   undersigned   authority,   personally   appeared __JULIE L. THALER__ who, being duly sworn by me, deposed as follows:

     "My name is __JULIE L. THALER__ I am over 18 years of age, of sound mind, capable of making this affidavit, and have personal knowledge of the facts herein stated:

     "I am employed as the __ADMIN ASST III__ at the __BOYD__ Unit. I am the custodian of the attached records of the Texas Department of Criminal Justice. These records are kept by the Texas Department of Criminal Justice in the regular course of business, and it was the regular course of business of the Texas Department of Criminal Justice for an employee or representative of the Texas Department of Criminal Justice, with knowledge of the act, event, condition, or opinion, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the originals."


                               _Julie L. Thaler_
                                        Affiant


     SWORN   TO   AND   SUBSCRIBED   before   me   on   this   the   __4th__   day of __OCTOBER__, 200_5_.


                         _Janice F. Clopp_
                         NOTARY PUBLIC in and for
                         The State of Texas
                         My commission expires:
                         02/16/2009

JANICE F.
CLOPP
Notary Public, State of Texas
My Commission Expires
02/16/2009
Notary Without Bond

1

Encl 3

# INCOMING LEGAL, SPECIAL AND MEDIA MAIL LOG

Unit: Bug 2004

Officer's Signature: _J. T. Rolen_

51 188 0

| Check one | | | | Inmate's Name | Inmate's Number | Sender Name & Return Address | Date Received | Date Delivered | Officer's Initials |
|---|---|---|---|---|---|---|---|---|---|
| Legal | Special* | Special Sealed | Media | | | | | | |
| ✓ | ✓ | RTS | | Steen, Richard | 1104943 | Prisoner's Legal Project P.O. Box 2222 | 6/15/04 | 6/11/04 | km |
| ✓ | | | | | | | 6/15/04 | 6/11/04 | km |
| ✓ | | | | | | | 6/15/04 | 6/11/04 | km |
| ✓ | | | | | | | 6/15/04 | 6/11/04 | km |
| ✓ | ✓ RTS | | | | | | 6/18/04 | 6/17/04 | km |
| ✓ | | | | | | | 6/16/04 | 6/17/04 | km |
| ✓ | | | | | | | 6/16/04 | 6/17/04 | km |
| ✓ | RTS | | | | | | 6/16/04 | 6/17/04 | km |
| ✓ | | | | | | | 6/16/04 | 6/17/04 | km |
| ✓ | | | | | | | 6/16/04 | 6/17/04 | km |

*Not From A Specific Named Official
Open & Inspect For Contraband Only In Presence Of

I - 157 (Rev)

# INCOMING LEGAL, SPECIAL AND MEDIA MAIL LOG

Boyd 2004 _____ Unit

Officer's Signature

65  210

Check one

| Legal | Special ★ | Special Sealed | Media | Inmate's Name | Inmate's Number | Sender Name & Return Address | Date Received | Date Delivered | Officer's Initials |
|-------|-----------|----------------|-------|---------------|-----------------|------------------------------|---------------|----------------|--------------------|
| | ✓ | | | Ke Q | | | 6/18/04 | 4/21/04 | kw |
| | ✓ | | | | | | 6/18/04 | 4/21/04 | kw |
| | ✓ | | | | | | 6/18/04 | 6/21/04 | kw |
| | ✓ | | | | | | 6/18/04 | 6/21/04 | kw |
| | ✓ | | | | | | 6/18/04 | 4/21/04 | kw |
| | ✓ | | | | | | 6/18/04 | 6/21/04 | kw |
| | ✓ | | | Steen Richard | 1049593 | Sceege Louderink Bate Close Steenville FL 545 1493 | 6/18/04 | 4/21/04 | kw |
| | ✓ | | | | | | 2/10/04 | 4/21/04 | kw |
| | ✓ | | | | | | 6/18/04 | 4/21/04 | kw |
| | ✓ | | | | | | 6/18/04 | 6/21/04 | kw |
| | ✓ | | | | | | 6/18/04 | 4/21/04 | kw |

★ Not From A Specific Named Official
Open & Inspect For Contraband Only In Presence Of

I - 157 (Rev)